Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000774
24-SEP-2012
08:26 AM

NO. CAAP-11-0000774

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
SYLVA RIVERA, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 10-1-1327)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Sylva Rivera (**Rivera**) appeals from the Judgment, Guilty Conviction and Sentence filed on September 9, 2011 in the Circuit Court of the First Circuit (**Circuit Court**).[1]

After a jury-waived trial, Rivera was convicted of Operating a Vehicle Under the Influence of an Intoxicant, in violation of HRS § 291E-61(b)(3) (Supp. 2011) (**OVUII with priors**).

On appeal, Rivera raises three points of error, including that: (1) the Circuit Court lacked jurisdiction because he is a citizen of the Hawaiian Kingdom; (2) the Circuit Court erred when it denied his motion to dismiss for an alleged Hawai'i Rules of Penal Procedure (**HRPP**) violation; and (3) there was insufficient evidence to support his conviction for OVUII

---

[1] The Honorable Edward H. Kubo, Jr. presided.

with priors because (a) there was no substantial evidence that he had operated a vehicle under the influence of alcohol in an amount "sufficient to impair his normal mental faculties or ability to care for himself and guard against casualty" and (b) there was no evidence that Rivera operated his vehicle on a public way, street, road or highway.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Rivera's points of error as follows:

(1) As acknowledged by Rivera, in State v. Fergerstrom, 106 Hawai'i 43, 55, 101 P.3d 652, 664 (App. 2004), this court held that:

> the State of Hawai'i has lawful jurisdiction over all persons operating motor vehicles on public roads or highways within the State of Hawai'i. Persons claiming to be citizens of the Kingdom of Hawai'i and not of the State of Hawai'i are not exempt from the laws of the State of Hawai'i applicable to all persons (citizens and non-citizens) operating motor vehicles on public roads and highways within the State of Hawai'i.

Accordingly, we conclude that Rivera's first point of error is without merit.

(2) Rivera asserts that the Circuit Court erred when it excluded from the HRPP Rule 48 calculation the entire period between September 27, 2010, when Rivera failed to appear and a bench warrant was issued, and November 15, 2010, the rescheduled trial date. Pursuant to HRPP Rule 48(c)(5), "periods that delay the commencement of trial and are caused by the absence or unavailability of the defendant" are excluded. Here, at Rivera's August 23, 2010 arraignment, a jury trial was scheduled for the week of October 4, 2010, and a trial call was set for September 27, 2010. Rivera does not deny that he was absent on September 27, 2010. As a result, the trial court issued a bench warrant on September 27, 2010. On Wednesday, October 6, 2010, the bench warrant was recalled because, on September 27, 2010, Rivera had

mistakenly reported to district court, rather than Circuit Court. The trial was nevertheless reset to November 15, 2010, presumably because it had already been taken off of the trial calendar for the week of October 4th.

Rivera argues that the only period he was absent or unavailable was the period between September 27, 2010 and October 6, 2010. He argues that, because his non-appearance on September 27, 2010 was "not willful" and due to miscommunication with the public defender's office, the period from October 6, 2010 to November 15, 2010 should not have been excluded. We disagree. HRPP Rule 48(c)(5) excludes periods that are "caused by the absence or unavailability of the defendant" without regard to whether the defendant's failure to appear was intentional or willful. When Rivera failed to appear on September 27, 2010, his absence caused the delay of the commencement of trial. Accordingly, the delay until the trial week of November 15, 2010 was properly excluded. Rivera does not argue any other errors in the Circuit Court's Rule 48 calculations and we find none.

(3) We reject Rivera's contention, viewing the evidence in the light most favorable to the prosecution, that there was insufficient evidence to support his conviction. Officer Rivera's testimony provided an ample basis for the trial court's finding that Rivera was impaired, and the officer's testimony, including reasonable inferences therefrom, along with the court's judicial notice, provided substantial evidence that Rivera operated a vehicle on a public way, street, road, or highway. Rivera does not assert any other insufficiency in the evidence supporting his conviction and we find none.

Finally, although not raised by Rivera at trial or on appeal, the State notes the Hawai'i Supreme Court's decision in State v. Nesmith, 127 Hawai'i 48, 276 P.3d 617 (2012), in which the court held that mens rea must be alleged in an HRS § 291E-61(a)(1) charge; hence, mens rea must be alleged in an HRS §

3

291E-61(b)(3) charge based on conduct described in HRS § 291E-61(a)(1). The charge against Rivera did not allege a *mens rea*.

In State v. Nesmith, 127 Hawai'i at 53, 276 P.3d at 622, the supreme court held that the failure to allege a *mens rea* in charging the offense of OVUII in violation of HRS § 291E-61(a)(1) rendered the charge insufficient. However, the supreme court's decision in Nesmith raises, but does not clearly answer, the question of whether a deficiency in a charge for failing to allege the requisite *mens rea* is a jurisdictional defect. In Nesmith, the concurring and dissenting opinion by Justice Acoba reads the majority opinion as concluding "that a state of mind is a 'fact' that must be included in an HRS § 291E-61(a)(1) charge for due process purposes only, but not an element of HRS § 291E-61(a)(1) that must be included in a charge for purposes of jurisdiction." Nesmith, 127 Hawai'i at 66, 276 P.3d at 635 (Acoba, J., concurring and dissenting) (brackets omitted). Although the Nesmith majority opinion does not state this distinction between the sufficiency of a charge for due process purposes and for jurisdictional purposes in unmistakable terms, pending further clarification, we adopt Justice Acoba's reading of the majority's opinion. Under this reading, the failure to allege a *mens rea* in the charge of OVUII with priors against Rivera would not constitute a jurisdictional defect in the charge. We therefore conclude that Rivera waived any challenge to the sufficiency of the charge for failure to allege a *mens rea* by not objecting on this basis in the Circuit Court and by not asserting this claim on appeal. See State v. Hoglund, 71 Haw. 147, 150-51, 785 P.2d 1311, 1313 (1990); State v. Ildefonso, 72 Haw. 573, 584, 827 P.2d 648, 655 (1992) ("Our review of the record reveals that [the defendant] did not raise this argument at trial, and thus it is deemed to have been waived."); Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4) (2008) ("Points [of error] not presented in accordance with this section will be

disregarded[.]"); HRAP Rule 28(b)(7) (2008) ("Points not argued may be deemed waived.").

For these reasons, the Circuit Court's September 9, 2011 Judgment, Guilty Conviction and Sentence is affirmed.

DATED: Honolulu, Hawai'i, September 24, 2012.

On the briefs:

Jeffrey A. Hawk
(Hawk Sing Ignacio & Waters)
for Defendant-Appellant

Keith M. Kaneshiro
Prosecuting Attorney
Brandon H. Ito
Deputy Prosecuting Attorney
for Plaintiff-Appellee

*Craig H. Nakamura*

Chief Judge

Associate Judge

*Lawrence M. Reifurth*

Associate Judge